No. 19-11200

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT


MARK MOODY,

Petitioner - Appellant.


v.


BOBBY LUMPKIN,
*Director*, *Texas Department of Criminal Justice*,
*Correctional Institutions Division*,

Respondent - Appellee,


Appeal from
the United States District Court
for the Northern District of Texas

———————————————

APPELLANT'S BRIEF

———————————————


Shannon Hooks
Counsel for Appellant
6910 Hart Lane #510
Austin, Texas 78731
Shannonhooks@sbcglobal.net
sbn #24045001

<u>CERTIFICATE OF INTERESTED PERSONS</u>

BOBBY LUMPKIN,
*Director*, *Texas Department of Criminal Justice*,
*Correctional Institutions Division*,

NO. 19-11200

v.

MARK MOODY,

Respondant - Appellant.

The undersigned counsel of record certifies that the following listed persons have an interest in this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1. Bobby Lumpkin, *Director*, *Texas Department of Criminal Justice*, *Correctional Institutions Division*, – Appellee. Represented in the Fifth Circuit by Assistant U.S. Attorney Ms.. Susan F. San Miguel, P. O. Box 12548, Capitol Station, Austin, Texas 78711.

2. Mark C. Moody - Appellant, TDCJ # 02028925, East Texas Treatment Facility, 900 Industrial Drive; Henderson, Texas 75652.

/s/*Shannon Hooks*
Shannon Hooks
Counsel for Appellant
6910 Hart Lane #510
Austin, Texas 78731
(512) 638.7910

## APPELLANT'S POSITION REGARDING ORAL ARGUMENT

Counsel for Appellant requests oral argument in this case.

## TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS . . . . . . . . . . . . . . . .    2

STATEMENT ON ORAL ARGUMENT . . . . . . . . . . . . . . . . . .    3

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    3

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . .    4

JURISDICTIONAL STATEMENT . . . . . . . . . . . . . . . . . . . . . . . .    5

STATEMENT OF THE ISSUES FOR REVIEW . . . . . . . . . . . . . .    6

STATEMENT OF CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    6

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . .    7

A. Proceedings Below. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    7

B. Statement of the Facts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    7

SUMMARY OF THE ARGUMENTS . . . . . . . . . . . . . . . . . . . . . .    7

(1)  Whether there is an exception to the constitutional rule that the right to counsel does not apply to post-conviction proceedings in cases where post-conviction proceedings are the first opportunity to raise an IATC claim and

(2)  Whether *Martinez v. Ryan* applies to statute-of-limitations issues under AEDPA.

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     8

STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     8

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     13

CERTIFICATE OF SERVICE   . . . . . . . . . . . . . . . . . . . . . . . . . .     14

CERTIFICATE OF COMPLIANCE   . . . . . . . . . . . . . . . . . . . . . .     15

## TABLE OF AUTHORITIES

### CASES

*Fratta v. Quarterman*, 536 F.3d 485, 499 (2008) . . . . . . . . . . . . .     8

*Harrington v. Richter*, 562 U.S. 86, 103 (2011) . . . . . . . . . . . . .     10

*Houser v. Dretke*, 395 F.3d 560, 562 (2004) . . . . . . . . . . . . . . . .     13

*Hughes v. Vannoy,*  No. 19-30979 (5th CIr. 2021) . . . . . . . . . . .     7,9

*Martinez v. Ryan*, 566 U.S. 1 (2012) . . . . . . . . . . . . . . . . . . . . . .     11

*Strickland v. Washington*, 466 U.S. 668 (1984) . . . . . . . . . . . . . .     9,13

*United States v. Conner*, 537 F.3d 480, 489 (2008) . . . . . . . . . . .     8

*Williams v. Taylor*, 529 U.S. 362, 407–08 (2000) . . . . . . . . . . . .     10

### STATUTES

28 U.S.C.§ 1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     5

28 U.S.C. § 2254 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     6

28 U.S.C. § 2254(d)(1), (2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     8

<u>SENTENCING GUIDELINES</u>

<u>RULES</u>

Rule 4(b) Fed. R. App.Proc. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    5

5th Circuit Rule 32.2.7(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    15

5th Circuit Rule 32.2.7 (b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . .    15

<u>JURISDICTION</u>

Jurisdiction of this Court is invoked under 28 U.S.C. § 1291 as an appeal from a final conviction and sentence in a United States District Court for the Northern District of Texas, Ft. Worth Division.  Notice of appeal was timely filed in accordance with Rule 4(b) of the Federal Rules of Appellate Procedure.

<u>STATEMENT OF THE ISSUES FOR REVIEW</u>

(1) Whether there is an exception to the constitutional rule that the right to counsel does not apply to post-conviction proceedings in cases where post-conviction proceedings are the first opportunity to raise an IATC claim and (2) Whether *Martinez v. Ryan* applies to statute-of-limitations issues under AEDPA.

## STATEMENT OF THE CASE AND FACTS
### Proceedings Below

On March 25, 2019, in case number 4:19-cv-00298-Y, the Appellant filed a state habeas application pursuant to 28 U.S.C. § 2254, in which he argued that his sentence was improperly enhanced.  ROA.48  On April 4, 2019, the case was transferred to the Ft. Worth Division of the United States District for the Northern District of Texas.

On June 10, 2019, Lorie Davis, Director of TDCJ-CID, (along with attorney Susan San Miguel) filed a Response to the Appellant's Writ. ROA.73  The Appellant's Petition was dismissed by the District Court on October 2, 2019. ROA.110  The Appellant then timely filed his notice of appeal in the Fifth Circuit Court of Appeals on November 1, 2019. ROA.4

## SUMMARY OF THE ARGUMENTS

<u>Issue One:</u>  Following recent precedent set forth in *Hughes v. Vannoy,* No. 19-30979 (5th CIr. 2021), there is an exception to the rule that the right to counsel does not apply to post-conviction proceedings in cases where post-conviction proceedings are the first opportunity to raise an IATC claim.

<u>Issue Two:</u>  The court's ruling in *Martinez v. Ryan* applies to statute-of-limitations issues under AEDPA.

## ARGUMENT

<u>Issue One Restated:</u>  Whether there is an exception to the rule that the right to counsel does not apply to post-conviction proceedings in cases where post-conviction proceedings are the first opportunity to raise an IATC claim.

<u>Issue Two Restated:</u>  Whether *Martinez v. Ryan* applies to statute-of-limitations issues under AEDPA.

### Standard of Review

In an appeal from a District Court's refusal to grant habeas relief, issues of law are reviewed de novo, and findings of fact reviewed for clear error. *United States v. Conner*, 537 F.3d 480, 489 (5th Cir. 2008).  *Fratta v. Quarterman*, 536 F.3d 485, 499 (5th Cir. 2008).

### Antiterrorism and Effective Death Penalty Act

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires a district court to defer to a state habeas court's determination of the merits of a prisoner's claims *unless* (emphasis added) the state decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the

8

evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1),
(2).

Fifth Circuit case *Hughes v. Varney* provides precedent for the
Appellant's position in the instant case. Footnote eight from the *Hughes*
opinion explains the *Hughes* court's reasoning: "The magistrate judge
recommended finding that the petition was timely because equitable tolling
was warranted, and the district court agreed." *Hughes v. Vannoy,* No.
19-30979 (5th Cir. 2021) p. 7.

### Summary Of *Hughes v. Vannoy*

In 2009, defendant Hughes's new counsel filed a state post-conviction
application, alleging ineffective assistance of trial counsel because the trial
attorney had never interviewed Mr. Allen - a key eyewitness to the State's
case. Counsel acknowledged that if he had interviewed Mr. Allen, he would
have become aware of the victim's roommate, who would have contradicted
Mr. Allen's trial testimony. The Louisiana Supreme Court denied Mr.
Hughes relief in a one page order, concluding that Hughes "fail[ed] to show
he received ineffective assistance of counsel under the standard of *Strickland
v. Washington*." The *Strickland* opinion states that "[C]ounsel has a duty to
make reasonable investigations or to make a reasonable decision that makes

particular investigations unnecessary." Counsel's "decision not to investigate must be directly assessed for reasonableness in all the circumstances . . . . . " *Strickland v. Washington*, 466 U.S. 668 (1984) at 692.

On appeal before the Fifth Circuit Court of Appeals, the court concluded that: "Where, as here, a state court correctly identifies the governing clearly established law, a state court decision may nevertheless be "an unreasonable application" of that law if it "applies the law unreasonably to the facts of a particular prisoner's case." *Hughes v. Vannoy*, citing *Williams v. Taylor*, 529 U.S. 362, 407–08(2000). A similarly unreasonable and faulty application of the law occurred in the instant case because, as in *Hughes,* trial counsel's failure to investigate the accuracy of the defendant's criminal history in the instant case was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement… " *Hughes* at p. 8, citing *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

This court should conclude that the district court's incorrect finding in this case - that the absence of effective counsel should *not* toll the statute of limitations - is the type of an error that the *Hughes* court was contemplating. Such error is "well understood and comprehended in existing law beyond

*any possibility for fair-minded disagreement… "* *Hughes* at p. 8.  The trial counsel's lapse in the instant case is even less defensible than the flaw described in *Hughes*.  In the instant case, counsel failed to investigate the accruracy of the defendant's alleged criminal history.  Such investigation is relatively easy to conduct, and in many cases, will dramatically reduce the defendant's sentence.

<u>Implications of the *Martinez* Opinion</u>

The dissenting Opinion in *Martinez* was written by Justice Scalia.  In his dissent, Justice Scalia assertively shared his concern that *Martinez* would be broadly applicable in many future cases.  Though Justice Scalia wrongly believed that this was not in the best interests of criminal justice, his conclusion was accurate.  As Justice Scalia described the result of the ruling in *Martinez*:

" … the Court, in what it portrays as an admirable exercise of judicial restraint, abstains from holding that there is a constitutional right to counsel in initial-review state habeas.  After all, that would have meant, in a case such as the one before us, that failing to provide assistance of counsel, or providing assistance of counsel that falls below the *Strickland* standard, would constitute cause for excusing procedural default.  Instead of taking that radical step, the Court holds that, *for equitable reasons,* in a case such as

the one before us, failing to provide assistance of counsel, or providing assistance of counsel that falls below the *Strickland* standard, constitutes cause for excusing procedural default.  The result, of course, is precisely the same."  *Martinez* at p. 1322.

The Scalia dissent in *Martinez*, along with the language from *Hughes* quoted herein demonstrate that *Martinez v. Ryan*, 566 U.S. 1 (2012) effectually guarantees a right to counsel during whatever proceeding is the defendant's first opportunity to raise his IATC claim.  Regardless, the language of the Fifth Circuit in the *Hughes* opinion should alone be dispositive in the instant case:  A state court decision renders "an unreasonable application" of law when a Judge's reasoning is "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement… " *Hughes* at p. 8.  The same conclusion is warranted in the instant case, because effective assistance of counsel is fundamental to a just and fair criminal justice system.  This court should therefore hold that in the Appellant's case, the statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act should not be applicable.

## CONCLUSION

For the foregoing reasons, the Judgment should be vacated. Counsel also requests any and all other remedies which this court deems appropriate in this case. Should this court conclude that the the pleadings, records, and COA application are incomplete with respect to the claim of ineffective counsel, the case should be remanded to the district court, to further develop the record. *Houser v. Dretke*, 395 F.3d 560, 562 (5th Cir. 2004) *Strickland v. Washington*, 466 U.S. 668 (1984),

Respectfully submitted,

/s/*Shannon Hooks*
Shannon Hooks
sbn 24045001
Counsel for Appellant
6910 Hart Lane #510
Austin, Texas 78731
Shannonhooks@sbcglobal.net

CERTIFICATE OF SERVICE

I, Shannon Hooks, certify that today, September 3, 2021, a copy of this Brief and Record Excerpts was served electronically upon Ms.. Susan F. San Miguel, Assistant Attorney General, P. O. Box 12548, Capitol Station, Austin, Texas 78711.


/s/*Shannon Hooks*
Shannon Hooks
Counsel for Appellant

<u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to 5th Cir. R. 32.2.7 9 (c), undersigned counsel certifies that this brief   complies with the type-volume limitations of the 5th Cir. R 32.2.7(b). Exclusive of the portions exempted by the 5th Cir. R. 32.2.7 (b) (3), this brief contains 1458 words printed in a proportionally spaced typeface.  This brief is printed in a proportionally spaced serif typeface using Times New Roman 14 point font in text and Times New Roman 12 point font in footnotes produced by Corel WordPerfect 6.1 software.  Upon request, undersigned counsel will provide an electronic version of this brief and/or copy of the word printout to the Court.  Undersigned counsel understands that a material misrepresentation in completing this certificate, or circumvention of the type-volume limits in 5th Cir. R. 32.2.7 may result in the Court's striking this brief and imposing sanctions against the person who signed it.

/s/*Shannon Hooks*
Shannon Hooks
Attorney for Appellant

15